### STANCLIFT v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. August 18, 1905.)

No. 2,150.

DISTURBING THE PEACE—EVIDENCE—SUFFICIENCY TO SUSTAIN VERDICT.

Testimony that one drew a six-shooter, said "Let's shoot 'em up!" put his weapon in his pocket, and walked off, and that the witness subsequently heard shooting in the direction he went, constitutes no substantial evidence of the offense of disturbing the peace of a town.

(Syllabus by the Court.)

In Error to the United States Court of Appeals in the Indian Territory.

For opinion below, see 82 S. W. 882.

Francis R. Brennan, for plaintiff in error.

William M. Mellette and E. L. Kistler, for the United States.

Before SANBORN and HOOK, Circuit Judges, and ADAMS, District Judge.

SANBORN, Circuit Judge. This writ of error challenges a judgment for disturbing the peace, rendered under section 1800 of Mansfield's Digest of the Laws of Arkansas (Ind. T. Ann. St. 1899, § 1143), which is in force in the Indian Territory. The grand jury in their indictment charged that the plaintiff in error, on October 1, 1902, did "disturb the peace and quiet of the town and neighborhood of Elam, Indian Territory, by loud and unusual noise, by abusive, violent, obscene, and profane language, by threatening to fight, by quarreling, by challenging to fight, by fighting, by shooting off a gun, the said gun being then and there a firearm, and by brandishing a gun, the said gun being then and there a firearm." After a plea of not guilty had been interposed, a trial was had. A single witness testified that the plaintiff in error came to his place in Elam, pulled out his six-shooter, waved it, said "Let's go shoot 'em up!" put his six-shooter in his clothes, walked off toward the northwest, and that after he went away the witness heard some shooting pretty nearly in the same direction. There was no other evidence in support of the charge. Counsel for defendant below at the close of the evidence requested the court to instruct the jury to return a verdict in his favor. This request was refused, and an execption was noted. The instruction should have been given. There was no substantial testimony to sustain the case of the government, much less to establish it beyond a reasonable doubt.

The judgment of the court for the Western District of the Indian Territory, and of the United States Court of Appeals of the Indian Territory, which affirmed that judgment, must be reversed, and the case must be remanded, with instructions to grant a new trial.